Martin, J.
delivered the opinion of the court. Deshon and Woodward presented their petition petition *569 to the parish judge, stating themselves to be the friends and agents, in New-Orleans, of Guy P. Champlin, who was indebted to them in the sum of $200, or thereabouts-that he was drowned in the bayou Vermilion, and had property in the city to be administered upon-that he died intestate, without any heirs in the state, whereupon they prayed letters of curatorship.
East'n District.
June, 1818.
A curator is to be appointed by the judge of the parsh in which the de-~ ceased died
The usual monition having been made, Jacob Jennings opposed the grant of letters of curatorship, on these grounds: 1. that the court is without jurisdiction, Champlin having died in the parish of St. Mary-2. that he, Jennings, had applied for letters in that parish, and his application was still pending-3. that Champlin did not die possessed of any property in the parish of New-Orleans, and his principal property was, at the time of his death, in the parish of St. Mary. Farther&emdash;he, Jennings, was alone entitled to letters of curatorship on the estate, which he prayed for, if his opposition was overruled.
Deshon and Woodward in a supplementary petition, stated that Jennings, without any authority, bad taken about $7000 of the money, which the deceased had with him, at the time of his death, and deposited $520 of it, in his own name, in the Bank of Orleans-that they *570 had obtained a writ of sequestration from the parish court, on which the money had been taken by the sheriff; but were apprehensive the writ might be set aside, and the money removed-wherefore they prayed the interference of the court of probates. Civ. Code, 175 art. 127 & 128. Whereupon the register of wills was ordered to make an inventory of the effects of the deceased, in the parish, and a defensor was appointed to the absent heirs: the sheriff was enjoined from paying the money to Jennings, on whom a rule was made to shew cause why it should not be deposited, to await the order of the court.
James Deshon, a brother of one of the petitioners deposed that the firm had a claim of 180 dollars or thereabouts on the estate, for three drafts of Champlin on them, which they had honored, that Champlin had sent to them drafts of $16350, which have been protested. In addition to this he knows of 5200 dollars deposited in the bank of New-Orleans, by Jennings, who told him he took the money from the corpse.
Widney, another witness deposed that Jennings told him he had taken more than 6000 dollars from the corpse, that he paid an attorney 1000 dollars for his counsel and advice.
*571 Deshon and Woodward filed a supplemental petition stating that Jennings failed in March, 1816, and surrendered his estate to his creditors.
Henry Coit now intervened and filed his petition, stating that the deceased had left a will in the state of New-York, where Coit was named executor, which had been duly proved in that state, he produced a copy of the will and letters testamentary, under the seal of the surrogate of the city of New-York, concluding that he might be put in possession of the property inventoried, and that his letters might be registered.
Jennings answered this petition by a general denial, and a plea to the jurisdiction of the court, insisting that the judge of the parish in which Champlin died was alone competent to order the executor of his will.
The defensor of the absent heirs answered also by a general denial.
The judge of probates sustained the plea to the jurisdiction, and both the other parties appealed. Deshon and Woodward and Coit.
This court is of opinion that ha did not err, An executor, it is true, derives his power from the will, not from the letters testamentary, which are only evidence of the probate of the *572 will. But the law of this state has provided that the powers of an executor shall not be exercised within this state, until the judge of the parish in which the testator died, if he died within the state, shall have given his fiat. This is in order th debtors in this state may have a record at hand, from which the authority of the executor may appear. Civ. Code, 242, art. 143. There is another provision made to regulate cases of testators dying out of the state; but in the present case, it appears that the testator was drowned in the bayou Vermillion, certainly out of the parish of New-Orleans. It is, therefore, clear that the judge applied to was without au- thority to order the execution of the will.
Workman for the plaintiffs, Hennen for the defendant. East'n
He was also without authority to appoint a curator, since there was a will, the executor of which was present and ready to take on himself the execution of it, and as he was not the judge of the parish in which the deceased died.
It is, therefore, ordered, adjudged and decreed, that the judgment of the court of probates be affirmed, with costs.