East'n District:
July, 1824.

DUCHAMP &
AL.
vs.
NICHOLSON.

An action may be maintained by one, who is not expressly a party to the bond, when it has been executed for his benefit.

When the petition charges that the bond sued on, was taken, according to law, and it is set forth and made a part of it, the *reading* of it cannot be objected to, on an allegation that some of the formalities of the law were neglected.

The surety in a bond, in which it is stated that the principal has been appointed as auctioneer, is estopped from denying that he was.

The sureties of an auctioneer are bound for the payment of the amount of the goods sold, after the

## DUCHAMP & AL. vs. NICHOLSON.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The defendant was sued as the surety of Isaac L. M'Coy, for the value of goods sold by M'Coy, as an auctioneer, and unaccounted for ; he pleaded the general issue, there was judgment against him, and he appealed.

There was a bill of exceptions taken to the opinion of the district judge admitting in evidence, the bond on which this action was instituted. The particular objections made to the instrument in the court below, need not be set out, as the points relied on by the appellant in this, embrace them and the other grounds of defence.

The defendant insists, that

1. The present action has been misconceived ; the sole cause of action against the defendant arises on the bond, but the action is not brought in the name of the obligee ; therefore the suit should be dismissed.

2. The strict forms of law must be followed when the parties require it, and the plaintiffs can only recover *secundum allegata et probata.* But the plaintiffs declare on a bond ta-

ken agreeably to the statute, and that offered
in evidence is not such.

3. The bond, offered in evidence and excepted to, should not have been admitted, because it varies from that declared on, is not taken according to law, and should have been rejected for the reason stated in the bill of exceptions.

date of the bond, although they were delivered to him before.

4. The legal title is in the government, and the action thereon can be brought only in the name of obligee.

In whatever manner he may appear to have bound himself, he shall be bound.

5. The evidence below was not sufficient to maintain the action : the declarations of McCoy and the account signed by him, as he was a bankrupt, could not be given in evidence against the defendant.

6. There is no legal proof that M'Coy was appointed auctioneer.

7. All the goods, stated to have been sold, were delivered before the bond was signed, and therefore the defendant cannot be responsible.

8. The bond was not taken before a judge in the manner required by law ; nor is there any seal thereto.

9. There is no consideration for the bond

sued on ; it is without a cause, and therefore is not valid against the defendant.

I. IV. The first and fourth of these points are in substance the same, and present the question whether an act on can be maintained, in this state, by a person who is not expressly a party to the instrument on which the suit is brought, but for whose benefit it was executed. As the point is an unsettled one in our jurisprudence, and of frequent occurrence, we have deemed this a proper occasion to examine the subject fully, and declare what we conceive to be the law in relation to it.

The contract entered into by the defendant, and his principal, under the act of the legislature which requires an auctioneer to give bond for the faithful performance of his duties, contained within it, not expressly, but impliedly, that obligation which is explained in the french language by the terms " *stipulation pour autrui ;* the obligee of the bond received from the obligors a promise made for the benefit of all persons who might thereafter employ the principal in his official capacity.

According to the ancient Roman law, no person could stipulate for another, but an indirect mode was resorted to, of receiving prom-

East'n District.
July, 1824.

DUCHAMP &
AL.
vs.
NICHOLSON.

ises or engagements for the benefit of a third party. The person receiving the engagement, made a donation to the obligor, and imposed a condition that he should give a certain sum to a third party. If the person thus promising, failed to comply with his engagement, he who stipulated, had an action to recover back the amount given as a donation, but the party for whose benefit the stipulation was made could not bring an action of any kind to enforce it.

In the later days of the Roman jurisprudence, a change was introduced, which with more regard to equity extended to him for whose benefit the stipulation was made, an action to carry it into effect; *Code, liv. 8, tit, 55, l. 3.*

Hence according to *Merlin*, even before the passage of the Napoleon code, it was not doubted in France, that a third party might sue to enforce an obligation in which he had an interest. *Merlin, Questions de droit, vol. 5, verbo, stipulation pour autrui, 3. Pothier, Traite des obligations, no. 71.*

Since the enactment of the Napoleon code, the 1121st article of which expressly provides that " *on peut stipuler au profit d'un tiers,*"

DUCHAMP &
AL.
vs.
NICHOLSON.

there seems not to be any doubt entertained on the question. Toullier states, " *Le tiers au profit duquel, la charge a eté imposée dans un contrat ou il n'etait point partie, peut agir directement pour contraindre le promettant a tenir sa promesse.*" Toullier, *Droit civil Francais, liv. 3, tit. 3, chap. 2, no.* 150.

The author of the *Curia Philipica,* seems to have thought such a right was not conferred by the Roman law, but that it was given by the positive law of Spain. *Curia Phil. lib. 2, cap.* 6, *no.* 4, *verbo, cesion, Novissima Recopilacion, lib.* 10, *tit.* 1, *ley.* 1. It is a matter of little importance from what source that right sprung, so that it existed. And even if it was not found in that jurisprudence, the provision in our code, which is verbatim, that of the Napoleon, just referred to, we are satisfied, introduces it. *C. Code,* 263, *art.* 20.

The case of *Moore use of Cox* vs. *Maxwell,* has been pressed on us as supporting the objection here taken, but its analogy is not perceived by the court. The decision there was, that the person in whom the legal title had been vested, but who had parted with it, could not bring an action for the benefit of a third party. Here the question is, whether one having the

equitable interest can sue. The plaintiff in the case just referred to, had neither the legal, nor equitable title.

II. III. The second and third points are grounded on an alleged variance between the allegations and the proof. We are of opinion there is not the slightest ground for this objection. An exact copy of the obligation was annexed to the petition, *and made a part thereof*, and the bond produced in evidence corresponded exactly with that declared on. So that the defendant was well apprized of what he was called to answer, and perfectly secured against another claim on the same ground. Much stress was laid on the expressions in the petition, " as it appears from the bond given by the said M'Coy, according to the law made and provided." The bond it is urged was not taken pursuant to law, and therefore the proof does not correspond with the averment. What weight this argument would be entitled to, if the obligation had not been incorporated in, and made a part of, the petition, we need not say. We think it has none, when the instrument itself was set out. By the plaintiff's doing so, the defendant was apprised thas the bond was not taken according to law,

East'n District.
*July*, 1824.

DUCHAMP & AL.
*vs.*
NICHOLSON.

East'n District.
July, 1824.

DUCHAMP &
AL.
vs.
NICHOLSON.

and the assertion that it was, did not lead him into error, nor prevent him from knowing what he was called on to defend.

V. The fifth point is grounded on the want of evidence to support the claim of the petitioners, and it is contended that the declarations of M'Coy, and the account signed by him, as he is a bankrupt, cannot be given in evidence against the defendant.

This objection assumes that the obligor who is surety in a bond, and is sued by a third party, stands in the same situation as a creditor in a *concurso*, and that the declarations of the insolvent are not evidence against him. The resemblance is not perceived by the court. But admitting the position to be correct, the declarations of the insolvent, in the instance before us, are supported by evidence which leaves no doubt on our minds of the truth of the allegations, on which the plaintiffs seek judgment against the defendant.

VI. The sixth point is that there is no proof that M'Coy was appointed auctioneer, we think the defendant is estopped from this defence by signing a bond in which he acknowledged that M'Coy was so appointed.

VII. All the goods sold were delivered be-

fore the bond was signed. To understand this objection correctly, it becomes necessary to refer to the statute under which this security was given. It prescribes that no person appointed as an auctioneer, shall enter upon the execution of his office, until he shall have entered into a recognizance for the faithful performance of his duties to all persons who shall *employ* him as such. 1 *Martin's Dig.* 538. The *employment* it is argued, here preceded the signing of the bond, and consequently the sureties are not responsible.

This objection appeared to us on the argument to be entitled to more weight, than any other offered by the defendant, and we have since given to it a good deal of consideration. Its correctness will be best tested by taking the case as it really is—of the auctioneer being appointed for one year only, and being obliged to renew his bond on being reappointed, and see which of the sureties can be made responsible. For there can be no doubt that either those who were so at the time the goods were delivered, or those who were bound at the time they were sold, are liable to be sued by the plaintiffs. Let us take the former first, and try *their* responsibility. Persons, who put goods into the hands of an

East'nDistrict
*July*, 1824.

Duchamp &
Al.
*vs.*
Nicholson.

East'n District auctioneer, do so on, the implied condition that
July, 1824. he will sell them, and pay over the proceeds,
DUCHAMP & or return them if unsold.    To the performance
AL.
vs. of that, the sureties in the annual bond bind
NICHOLSON. themselves, and if before the expiration of the
year, he disposes of them, and does not pay
over the money arising from the sale ; or if at
the end of it, or even after, he fail to return
them, they are bound for his misfeasance, or
nonfeasance.    But if, at the close of the term
for which they engaged themselves, the person
depositing the goods, does any act waving the
right to have them returned, there can be no
doubt they are discharged.    Now, that such
an act was done here, cannot be questioned,
for the plaintiffs consented to M'Coy's sel-
ling the goods, subsequent to that time.

This consent to his selling them afterwards,
was a discharge of the former obligation ; and
as the auctioneer is appointed yearly, any con-
sent either express or implied, of the persons
whose goods remained in his hands, that he
should dispose of them in his new capacity,
was an employment of him, for which his
sureties for that year were bound.    If another
auctioneer had been appointed, who took pos-
session of his store, and received the goods,

the case would be too clear for argument. We cannot distinguish that case, from this, on any satisfactory ground, for the original contract cannot be considered, without an express agreement to that effect, to extend beyond the term for which the auctioneer was appointed.

East'nDistrict.
July, 1824.

DUCHAMP &
AL.
vs.
NICHOLSON.

VIII. The eighth objection goes to the form of the bond not pursuing the statute, and we are of opinion that it is not more tenable than the others we have just noticed. This point has more than once been raised in this tribunal, and it has uniformly received from us, the answer that by the law of this country "in whatever manner a person shall appear to have deemed it proper to bind himself to another, he shall remain bound." *Novissima Recop.* 10. 1. 1, which is *Nueva Recop.* 5, 16, 2. *Sala, illustracion del derecho real de España, lib.* 2, *tit.* 16, *no.* 2. *3 Martin,* 569, *5 ibid.* 194.

IX. The ninth point alleges there was no consideration for the bond. It recites one, however, and that is, that M'Coy had been appointed auctioneer, and makes its validity depend on his discharging the duties of his office correctly. This we think was a good and valid consideration for the promise of the defendant.

East'n District.
*July*, 1824.

DUCHAMP &
AL.
*vs.*
NICHOLSON.

On the whole we are of opinion the judgment of the court below, should be affirmed with costs.

*Dennis* for the plaintiffs, *Morse & Maybin* for the defendant.