WESTERN DIS.
Sept. 1832.
─────────
SINGLETON
vs.
SMITH.

.  ─────────────────── .

SINGLETON *vs.* SMITH.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

It is not sufficient ground to dismiss an appeal, because the bond is signed by another person for the appellant, as attorney in fact, without producing his authority. The appellant is bound by law to comply with the judgement of the court, and the surety furnishes to the appellee all the security he can require.

An exception to the form of action will be considered as waived, by filing an answer to the merits.

Where a receipt is given by the agent of the plaintiff in execution for a certain sum, "in full of the within execution," parole evidence will be received to show there is error in the written receipt, and that it was only intended to be given in full for all the money then made on the execution.

When two written documents, each equally entitled to credit, are apparently inconsistent with each other, they may be explained and reconciled by evidence, *dehors* the instrument.

The plaintiff sues for the recovery of four hundred and six-teen dollars and fifty-eight cents, the balance of a judgement on a note of the defendants, obtained in the parish of

Rapides, about the first of April, 1827. He alleges the defendant is a citizen of Texas, and is about to remove his property out of the state; and prays for an attachment and judgement, &c.

The defendant first excepted to the action, that it was founded on a judgement rendered in another parish of this state, for a sum of money, upon which execution should have issued; and, further, that said judgement forms *res judicata* to this suit. He then plead a general denial, and satisfaction of the former judgement.

On the trial of the cause, the plaintiff offered the testimony of W. Singleton and W. Turnbull, (the latter sheriff of Rapides,) to show that the following receipt, contained in the former record and judgement obtained in Rapides, was not given in full for the execution and satisfaction of said judgement, as on its face it purports to be; but only in full of a certain sum then actually made on the said execution, by a previous sale of a negro girl; leaving the balance now claimed, as still unpaid. That the receipt was made to appear in full on its face, and signed by the plaintiff's agent through error. The defendant's counsel objected to the testimony, which was sustained by the judge presiding, and the plaintiff took his bill of exceptions:

"Received, Alexandria, 9th May, 1828, of Walter Turnbull, sheriff of the parish of Rapides, one hundred and twenty dollars, in full of the within execution.

"WASHINGTON SINGLETON."

There was judgement for the defendant; the plaintiff appealed.

*Splane*, of counsel for defendant and appellee, moved to dismiss the appeal on the ground, that the appeal bond was insufficient, being signed by an attorney in fact for the principal, who did not show any authority to perform such an act. Cited *La. Code*, 2956.

No counsel appearing for the plaintiff, *Splane*, for defendant, submitted the following points and authorities:

1. A record or receipt contained in and making part of it, cannot be contradicted by parole testimony.  4 *Mar. N. S.* 176.  7 *Mar. N. S.* 231.  *La. Code*, 2256.  3 *Starkie*, 995, 1001—4.

2. The return of a sheriff to a writ of execution, is conclusive between the parties litigant.  3 *Starkie*, 1044, (*in Margin* 11 *East* 296,) 1 *ibid*, 284.  1 *N. H. Rep.* 68.

3. A receipt to an agent, acknowledging payment by the principal or plaintiff in execution, is conclusive, and cannot be contradicted by parole evidence.  3 *Starkie*, 1276.  6 *Sergt. & Rawle*, 146.  1 *Johns.* 70.

4. In this case, the defendant is the principal or plaintiff in the original execution in the record; and the sheriff the agent or person authorized to receive and pay over the money.

PORTER, J., delivered the opinion of the court.

The appellee has moved to dismiss this appeal, because it does not appear the bond was signed by an attorney in fact, legally empowered to execute such an instrument for the appellant.  It is unnecessary to go into this inquiry, as the appellant is bound by the law, to carry into effect any judgement the court may render; and the surety who signed the appeal bond, furnishes to the appellee all the security he can require.

The suit is brought on a judgement rendered in the sixth district; and an exception was filed to the right of the plaintiff, to maintain two actions within the state for the same cause.  Whether this exception was not well taken, cannot be inquired into, as it does not appear to have been passed on by the court below; and the defendant waived it by filing an answer, in which the merits were put in issue.

The record on which suit is brought, exhibited the following return by the sheriff of Rapides, on an execution which had issued there.

"By virtue of this writ of *fieri facias*, issued in this case, I seized a negro woman, named Dice, aged about twenty-seven

It is not sufficient ground to dismiss an appeal, because the bond is signed by another person for the appellant, as attorney in fact, without producing his authority.  The appellant is bound by law, to comply with the judgement of the court, and the surety furnishes to the appellee, all the security he can require.
An exception to the form of action, will be considered as waived, by filing an answer to the merits.

years, and having offered the same at public sale, &c. J. Young became the purchaser, for the price of three hundred and thirty-three dollars, it being more than two-thirds of the appraised value."

Below the return, is found the following receipt:

"Received, Alexandria, 9th May, 1828, of Walter Turnbull, sheriff of the parish of Rapides, one hundred and twenty dollars, in full of the within execution."

The judgement which the *fieri facias* pursued, was for a larger amount than that made by the sheriff; and the receipt expresses to be in full of the execution. On the trial, the plaintiff offered evidence to show there was error in the terms used in the acquittance given by him; that he had in fact only received the money collected; and that instead of being in full of the amount ordered to be made by the execution, he contemplated giving a receipt in full to the sheriff, for all the money he had made on the execution. This evidence the defendant opposed, on the ground that it was offering parole evidence to contradict the written proof on record; and the court sustaining the allegation, the plaintiff took a bill of exceptions.

*Where a receipt is given by the agent of the plaintiff in execution, for a certain sum, "in full of the within execution," parole evidence will be received to show there is error in the written receipt, and that it was only intended to be given in full for all the money then made on the execution.*

We are of opinion the judge erred. Did the receipt stand alone, the question would be presented under another aspect; but taken with the sheriff's return, it does not involve the right of a party to control written proof by parole testimony; but whether two written documents, each equally entitled to credit, and apparently inconsistent with each other, may not be explained and reconciled by evidence, *dehors* the instrument. The sheriff's return is not attacked; there is no allegation that it is incorrect. By it, we see that only a certain sum, less than the judgement, interest, and costs, was received by him. Now, unless we admitted the sheriff paid over to the plaintiff more money than he received, the receipt can be understood in no other way, than in full for all the moneys made by him. We think the apparent contradiction

*When two written documents, each equally entitled to credit, are apparently inconsistent with each other, they may be explained and reconciled by evidence, dehors the instrument.*

in the two documents, justified the introduction of parole evidence.

And it is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be reversed and annulled, and that the cause be remanded to the said court, with directions to the judge thereof, not to reject evidence that the money received by the plaintiff, were not in full of the amount ordered to be made by the execution; and it is further ordered, that the appellee pay the costs of the appeal.