Buxxaed, J.
delivered the opinion of the court.
The judge of the first district in answer to a rule to show cause [512] why a writ’ of prohibition should not issue, inhibiting his proceeding to fey the cause of Walden v. The City Bank pending on appeal to this court, states, that the suit vvas brought to annul certain bonds and mortgages given to the City Bank of New Orleans, on the ground of usury, and that the rate of interest stipulated exceeded that permitted by the charter. That the plaintiff alleges that he fears that pending the action the bank will bring suit or pray an order of seizure and sale, by which he would be injured, and he obtained an injunction until the further order of the court. That a rule was taken to set aside the injunction, on the grounds: 1st. That the petition shows no le *310 gal grounds for an injunction. 2d. That the amount of the injunction bond was insufficient. Whereupon the injunction was dissolved. The judge proceeds to say that the rule to set aside the injunction was a distinct proceeding, affecting only the continuance of the injunction as a conservative measure wholly independent of the merits of the case between the parties. That the appeal suspends the operation of the judgment on the rule and secures to the plaintiff all the benefits of an injunction, until its legality shall be passed upon by the appellate court, and that the cause now stands as if no rule had been taken to dissolve the injunction. The judge further suggests that the issue as to the validity of the contracts could not be passed upon on the trial of the rule, nor on the appeal now pending. That issue yet remains to be tried whether the judgment upon the rule shall be affirmed or reversed, and he sees no propriety in suspending the proceedings upon the merits in order to await a judgment, which, when pronounced can have no effect upon the action of the court. The judge further answers, that after argument upon the rule, the plaintiff took a judgment by default against the defendant and thus enforced an answer upon the merits.
[513] We think the answer of the judge quite satisfactory. The judgment upon the rule,'dissolving the injunction, so far from being upon the merits was upon a matter purely incidental. It would not perhaps prevent the granting of another injunction to stay the proceedings if the bank pendente lite should sue out an order of seizure upon the mortgages in question. The validity of the bonds and mortgages cannot be examined by the supreme court upon the appeal taken from the interloeutory judgment dissolving the injunction, and whether an appeal will lie at all from such a judgment, depends upon the question whether it may operate a gravamen irreparabile. The eases to which our attention has been called, in which it was held that an appeal divests the court a quo of jurisdiction, or rather suspends its jurisdiction, presuppose a final judgment upon which the case is taken before the appellate tribunal. In this case it is clear that judgment final remains yet to be pronounced after a trial upon the merits, and that quite independently of any decision which may be rendered upon the present appeal; for whether the injunction was or was not properly allowed in the first instance, the validity of the mortgages remains to be examined.
Let the rule be discharged.