Morphy, J.
D. C. Waterman is. appellant from a judgment rendered against him on an appeal bond. He signed in the name of the defendants as their agent, and in his own name as their surety. This instrument, which is in the usual form, recites, that the judgment appealed from was rendered on the 29th of June, 1839, instead of the 14th of June, its real date. This mistake seems to have been committed by filling up the blank in the printed form of the bond intended for the date of the judgment, by that of the bond itself, which, together with the petition of appeal and the order of the Judge allowing the appeal, bears date the 29th of June, 1839. In consequence of this mis-recital in the bond, the appellant claims to be discharged from all liability, on the ground that he became surety for an appeal from a judgment rendered on the 29th of June, 1S39, and was not surety for an appeal from one rendered on the 14th of June, 1839. On the trial below, the plaintiff in the rule offered in evidence the record and judgment in the suit of Blanchard, Executor of Nicolet v. Gloyd & McDonnell, in which the appeal had been taken and the bond filed, together with the testimony of two wi nesses, to show that the date of the rendition of the judgment as set forth in the appeal bond was a mistake, and that the judgment of the 14th of June, 1839, was the only one ever rendered between these parties in the Commercial Court. The introduction of this evidence was resisted by the appellant, and a bill of exceptions was taken to the opinion of the Judge who admitted it. We do not think that he erred. The evidence offered goes to show a mistake, or clerical error in the bond, against which relief would be afforded in chancery by the admission of oral evidence. In the language of Starkie, 4 part, p. 1017, “ the extrinsic evidence in such cases, is not offered to contradict a valid existing instrument, but to show that, from accident or negli *548 ■gence, the instrument in question has never been constituted the actual depository of the intention and. meaning of the parties.” This court, which is one of equity as well as of law, has relieved parties against accidental mistakes of this kind. 1 Robinson, 257. 15 La. 312. 4 La. 433 and 350. 9 La. 574. Story’s Equity Jurisp. § 152 to 164. 5 American Common Law, p. 177, and cases quoted there. From an inspection of the bond itself, there can be no doubt as to what the appellant intended to do, when he signed this bond as agent of the defendants, and in his •own name as their surety. His purpose was to secure to them an appeal in this particular suit, and from the judgment which had been rendered in it. The object of stating the date of the judgment was to describe it more fully. If a mistake has been accidentally committed in this part of the description, when the judgment is otherwise described so as to leave no doubt of its being the one which the parties had in contemplation, shall this single mis-recital have the effect of avoiding- the bond by which the appellant, intended to bind himself ? Shall he be permitted to shelter himself from the responsibility he intended to incur, by pleading a defect in the bond which did not mislead him, and which may be (attributed to his own negligence, as he executed that instrument in his double capacity of agent and surety of the defendants in the suit ? In Penniman v. Barrymore, we held, that neither the principal, nor surety can escape from responsibility by an error that arises in drawing up the act by which they contemplated binding themselves. 6 Mart. N. S. 498, and the authorities quoted there. It is said, that the obligation of a surety is to be construed strictly both in law and equity ; that his liability is not to be extended by implication; and that he has a right to stand upon the very terms of his contract. This is true; but it is equally true, that the object of all written contracts is to express the intention of the parties. If such intention clearly appears from the whole tenor of the instrument, and by the manner in which it was used and acted upon, the instrument is not to be avoided, on a clerical error, as to the surety any more than as to the principal obligor. A bond signed by a surety is as much his contract as it is the contract of his principal; and both will remain bound, as it is shown they really intended to bind them *549 selves. Civ. Code, art. 1951. 3 Mart. 569. 2 Ib. N. S. 672. 2 La. 47. 10 La. 411. 5 La. 129. 16 La. 174. 19 La. 179. In the present case, the appellant being the agent of the defendants, ■well knew from what judgment he had thought proper to appeal on their behalf. Had the mistake in relation to its date been discovered at the time of signing the bond, and pointed out to him, he would no doubt have corrected it, in order to entitle his principals to their appeal, as his neglect to take such appeal might have made him responsible to them. Whether the defect in the bond proceeded from error or bad faith, such error or bad faith was his own, and be cannot take advantage of his own wrong. It may be that the appeal might have been dismissed at the instance of the appellee, in consequence of this error in the bond ; but it does not necessarily follow that .after the appeal has been suffered to have its effect, the parties who furnished the bond can ask for its nullity on -that ground. It is finally urged, that the contract is void for want .of a subject matter, as the judgment recited in the bond has no existence. The m\efalsa demonstratío non nocet, properly applies here. The judgment referred to in the bond as having been rendered in this suit, really exists, but has been erroneously described as to its date. So much of the description as is false must be rejected; and the instrument must have its-effect, if a description remain sufficient to ascertain the application of the instrument. 2 Phillips, 713. Here the bond recites the names of the parties, that of the court which tried the suit, the amount, &c., so as to leave no doubt as to the identity of the judgment in relation to which it was given.

Judgment affirmed.