State ex rel. Larieux vs. Judge Fifth District Court.

According to High, " the common-law rule is believed to be generally applicable in this country, and the writ will not go to a subordinate tribunal in a cause, arising out of its jurisdiction until the want of jurisdiction has first been pleaded in the court below and the plea refused; and where there has been no effort made to obtain relief in the court which it is sought to prohibit, the superior courts will refuse to exercise their jurisdiction by this extraordinary remedy. For example, where an injunction has been obtained in direct violation of statute, and without any jurisdiction on the part of the court, prohibition will not be granted to prevent the court from proceeding with the injunction suit, where no application has been made to dissolve the injunction." High, Extraordinary Legal Remedies, p. 558-9, No. 773.

There is no doubt that but one tribunal, the Third District Court of this city, could legally have entertained jurisdiction of the controversy pending between Larieux and the company, and that said controversy has passed from the lower to the appellate court. Were it not that his decision has been suspended by the provisional writ of prohibition, the judge of the Fifth District Court would have, we presume, already complied with the imperative mandate of an imperative law and sustained the plea to his jurisdiction. Be this, as it may, until now the parties alone, plaintiff and defendant, have proceeded in this cause, the first in asking the injunction, the other in asking the dissolution of the injunction. The judge has not yet acted, and until he does and evinces a determination to encroach upon and usurp the jurisdiction of the other tribunal, there shall be no cause to interpose our authority.

The rule is, therefore, discharged at relator's costs.

---

## No. 5455.

### A. P. DUMAS vs. ARISTIDE MARY.

The failure of an appellant to obey an order of the lower court to substitute a solvent for an insolvent surety on his appeal bond, will work the dismissal of his appeal.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch,* J.

*A. & W. Voorhies,* for plaintiff.

*A. Robert,* for defendant.

The opinion of the court was delivered by

EGAN, J. The surety upon the appeal bond in this case died insolvent after the transcript was filed in this court. A rule was taken in the court below upon the appellant to show cause why he should not give

Dumas vs. Mary.

new and sufficient surety. The rule was made absolute, and appellant ordered to furnish the required new surety within a delay fixed by the court. He has not complied with the order.

The solvency and sufficiency of the surety on an appeal bond is peculiarly within the province of the court of original jurisdiction. From its order in the premises he has not applied to this court for relief, and the action of the court below is presumed to be regular and based upon sufficient evidence. The motion to dismiss this appeal must prevail. 21 An. 178; 16 An. 192; 19 La. 178; 22 An. 113; 23 An. 714; 25 An. 424.

Although this ground is not expressly taken in the motion we have the less difficulty in dismissing the appeal for the reason that the surety upon the injunction bond was likewise the surety upon the appeal bond. This he could not lawfully be, as he was a necessary party to the appeal. See 18 An. 659.

It is therefore ordered, adjudged, and decreed that the appeal be dismissed at the cost of the appellant.