The opinion of the court was delivered by
Nicholls, C. J.
The question which meets us at the threshold is whether the relator occupies such a position and has such a legal interest in the matter submitted to us herein as to ask a decision upon the same at our hands and to call into exercise the supervisory powers conferred upon us by Article 90 of the Constitution.
*1724 It is claimed “that he had no legal personal interest in the original suit of R. F. & J. C. Broussard vs. Adrien Gonsoulin instituted in his court, and that he has none now in the one hundred and forty - three eases which were brought by those same plaintiffs [after the remanding of the original suit and its continuance] against Gonsoulin and the different cane growers interested in the funds in his hands.
“ That the effect of the writs of certiorari and prohibition which issued from the District Oourt though directed to the justice of the peace was to tie up the plaintiffs in the one hundred and forty-three suits in the enforcement of their rights — that they were the real parties in interest and it was for them and not the present relator to complain if their rights were illegally interfered with; that he is improperly championing their rights of third parties.” It is certainly a very unusual proceeding for the judge of a court whose jurisdiction and authority in certain proceedings before him have been called in question by writs of certiorari and prohibition issuing from a court claiming to have appellate jurisdiction over him in the matters complained of in the writs, to have recourse himself to the Supreme Oourt for relief from such writs by counter writs of certio-rari and prohibition from the latter court. Ordinarily the parties to the suit or suits in which the proceedings are stayed take action themselves.
The reasons assigned by the justice for his course is “ that he is interested officially as a State officer in having his legal jurisdiction, when illegally interfered with, maintained; that the method of proceeding resorted to will avoid the bringing of a multiplicity of suits, and that he has a personal interest in the matter of the costs in the various suits in his court.” Article 90 of the Constitution declares that “ the Supreme Oourt shall have control and general supervision over all inferior courts. They shall have power to issue writs of certiorari, prohibition, mandamus, quo warranto, and other remedial wrjts.”
The grant of power for the purposes indicated, could scarcely have been conveyed in broader or more sweeping language. Excluding the provisions of the Constitution relative to the original jurisdiction of the Supreme Oourt, and those limiting its appellate jurisdiction, the right and power of supervision over other courts comes to this court untrameled by restrictions.
It is our province and duty under this delegation of authority to *1725 prevent the clashing of courts touching their respective jurisdiction by settling disputed questions in respect thereto, and to keep the different courts though acting inside of their general jurisdiction from acting outside or beyond the law.
The circumstances or conditions under which our powers in those matters should be called into exercise were not fixed by the Constitution, but left to be determined by this court in such manner as would best, in its opinion, subserve the object and purposes of the grant.
We are of the opinion that when an inferior court, acting within what it claims to be its exclusive jurisdiction in the enforcement and ascertainment of rights of litigants before it, finds itself paralyzed in its action by writs of certiorari or prohibition from a superior court based on the claim of the latter that it has appellate or supervisory jurisdiction over it touching the matters before it, and when as in this instance it through its judge is alone made a party defendant in the writs, itis justified and authorized in calling to the judicial attention of this court the facts and the issues raised, to the end that it take such action in the premises as will, while safeguarding the rights of private litigants, ensure the performance of their respective duties by the different judicial tribunals of the State and the observance by them of the limitations upon their respective powers. Had the relator in this case made answer to the writs of certiorari and prohibition which issued to him from the District Court, but none the less the writs had been made absolute, and had the matter been susceptible of an appeal [as seems in a qualified degree to be the practice in California (26 Pac.)], we are of the opinion that the present relator as the party and the sole party to the record would have had sufficient legal interest in the subject-matter to have taken such appeal. Having been called into court as a defendant the party who called him in could scarcely be heard to dispute or deny his power to defend. His interest ,to “ appeal ” would be neither greater nor less than his interest to have tested through the present proceeding the matter submitted to us. The issues before the court would be identical though presented in a different form. If the justice of the peace asserting his right of exclusive jurisdiction had ignored the writs (as it was intimated in the case of State ex rel. Hirsch vs. Judge, 39 An. 98, he would be authorized to do if his pretensions were well founded), had been *1726 declared in contempt for so doing by the superior court and sentenced to be punished he would have been authorized, in his own name, to have the issues raised tested by this court, though collaterally. Situated as is this court under the Constitution, we see no reason for forcing matters to take such a form to obtain a judicial decision.
The status of the courts with respect to writs of certiorari and prohibition is not identical with that which they occupy under writs of injunction.
The latter writ runs to the parties litigant, while the former are directed against the courts themselves.
We appreciate that the relator does not stand charged with representing directly, in his official capacity, the private rights of the plaintiffs in the one hundred and forty-three cases which were instituted in his court, and that he may not as fully and fairly present as they might do themselves their legal rights, and that any judgment we might render adverse to them might not in their absence ■conclude them, but the conclusions we have reached in this particular case obviate those objections on the present occasion. We think we have a sufficient basis on which to rest judicial notice of and on which take judicial action upon relator’s allegations and prayer.
We understand the contention of the District Judge to be that the matter in dispute in the original suit of R. F. and J. C. Broussard brought in relator’s court, being seventy-seven dollars, brought it within the appellate jurisdiction of the District Oourt. That when there on appeal it was Anally decided, so far as Gonsouiin was concerned, in his favor. That the latter was entitled in the justice’s court to the benefit of that judgment, and the plea of res judicata, whether set up in the original suit after it had been remanded, or in any new suit which might be subsequently instituted in that court on the same claim after the plaintiffs had on the remanding of the cause to .the justice’s court discontinued the first suit. That the District Oourt having rendered, on appeal, the final decision which it had in Gonsoulin’s favor, its appellate jurisdiction with respect thereto did not terminate with the rendition of the same, but continued over it for supervisory purposes until its final execution. That the justice of the peace, in view of that judgment, was not authorized nor justified in allowing the plaintiffs to split up the same claim from which Gonsouiin had been declared not liable by the judgment of the *1727 District Oourt into one hundred and forty-three different claims against him and to render itself that number of personal judgments against him aggregating precisely the original amount demanded of him. That this was by indirection to destroy the judgment of the District Oourt in Gonsoulin’s favor and to defy the authority of the District Oourt.
He maintains that under Arts. 130, 617 et seq. and 629 of the Code of Practice the “appellate” jurisdiction of the District Oourt remains in full force over the judgment rendered in favor of Gonsoulin so as to see that it is not violated or disregarded though the powers to be exerted in that respect might be “ supervisory ” as to form. He maintains that the District Oourt is vested with power and authority, in aid of its appellate jurisdiction, to issue writs of certiorari and prohibition to justices of the peace, and that his action in the premises was in aid of such jurisdiction.
He denies that he has ever passed upon the merits of Gonsoulin’s application for relief through the writs which had issued, and asserts that the writs had issued simply to examine into with a view of determining after examination and return what his powers in the particular case under its circumstances would be.
He charges that the justice of the peace though ordered to produce his records had failed to do so, and asserts that matters are still in abeyance in and undecided by the District Oourt as to whether the writs could and should be made absolute or not.
Relator asserts as a fact that he had obeyed the orders of the District Oourt and produced his records as directed — that he had excepted to the jurisdiction of the District Oourt in the premises — that his exception had been overruled, and that he had done everything on his part required by the court as a condition precedent to invoking its supervisory powers.
Relator may have taken the records which the District Court ordered to be produced to the court house, but it is evident, we think, that he never delivered them to the clerk of the court or submitted them for examination as required to do. On the contrary he met the proceedings directed against him by an exception calling into question the right and power of the District Court “ to try the writs.” He made no return or answer to the writs, but simply reserved his right to file an answer should his exception be overruled. Instead of doing so, when overruled, he instituted the pres *1728 ent proceeding in this court, the very object of which, it seems to us, is to justify him in declining to submit his records to the District Court. His records come to us not from the District Court, but through certified copies attached to relator’s application. The District Court has not as yet made the writs absolute, as having been issued in a case legally calling for such action from it. It is true the pleadings filed here by the District Judge indicate what probably would have been its ruling had relator complied with the order to produce his records, but the fact remains that no final action has been taken by that court on Gonsoulin’s application for relief. Non constat that the District Court might not have reached (and may not yet reach) a different conclusion had matters been presented to the District Judge in a different manner, and with written reasons assigned and authorities cited. Relator has evidently construed the decisions of this court in the cases of State ex rel. Gas Light Company vs. Judge, 37 An. 287; State ex rel. Hirsch vs. Judge, 39 An. 98, and State ex rel. Sweeney vs. Judge, 39 An. 621, to mean that in no class of cases and under no circumstances are District Courts vested with authority to issue writs of certiorari and prohibition to justices of the peace, but that the Supreme Court had exclusive authority to pass upon all disputed questions between the District Courts and justices of the peace, for which such writs are to be availed of as the proper method for relief.
The decisions in question affirm the power of this court to issue such writs under its supervisory powers, whether cases be appealable or wow-appealable, and that that power is exclusive in a certain class of cases or under certain circumstances, but they did not intend to declare that the powers granted by Arts. 130, 617, et seq., and 629 of the Code of Practice did not refer to Districts Courts in their relations with the proceedings of justices in proper cases. Art. 130 of the Code of Practice declares that all judges possess the powers necessary for the exercise of their respective jurisdictions though the same be not expressly given by law, while Arts. 617, 618, 629 are to the effect that “ the execution of judgments belongs to the courts by which the cases have been tried in the first instance, whether such judgments have been affirmed or reversed on appeal. Therefore the Court of Appeals whether it affirm or reverse the judgment, or whether it has rendered another definitive judgment in the cause, must send the same to the inferior court in order that it may be *1729 •executed. It is for the court, whether appellate or inferior, which has rendered the judgment to take cognizance of the manner of the execution when the proper 'manner of executing it is to be determined.”
This court has repeatedly exercised its powers over the manner of executing the judgments which it had passed on upon appeal and of seeing that the provisions were carried into effect. State ex rel. Construction Company vs. Tax Collector, 48 An. 32.
We are of the opinion that such action, though taken after a judgment has been rendered on appeal, may well be referred to as “matter connected with appellate jurisdiction having a tendency to aid it or make it effectual.” State of Louisiana vs. Judge of the First District, 19 La. 180.
In State ex rel. Hirsch vs. Judge, 39 An. 98, this court said:
“Article 90 of the present Constitution vests this court with control and general supervision over all inferior courts, and with power to issue writs of certiorari, prohibition, mandamus, quo warranto and other remedial writs. The Constitution does not confer similar supervisory jurisdiction on any other court, whether it be a District Court or a Circuit Court, although it vests the other appellate courts with the power tó issue like writs in aid of their appellate jurisdiction. These courts have, therefore, no power to issue any of those writs when notin aid of their appellate jurisdiction.”
The District Court having the power to supervise its own judgments, and the case of F. F. & J. C. Broussard vs. Adrien Gonsoulin having been before it, and a judgment therein rendered, we think it was within the competency of that court on the application to it of the defendant Gonsoulin, declaring that the judgment in question was being executed in a manner different from its terms, or that it was being actively violated by the justice’s court, where it originated, and to which it was remanded, to order the justice of the court to send up his records for examination with a view of ascertaining what the legal situation was, to the end that such action should be taken as the law and the facts of the case authorized, and that it was the duty of the justice to comply with that order. Whether the District Court would be justified or warranted, after examination, in making writs of certiorari or prohibition, which it •caused to issue to the justice, peremptory in a particular case is a different question from whether it had the jurisdiction to simply *1730 make inquiry through such writs into the subject matters complained of. Jurisdiction is the power to judge — it includes the power to judge wrongly as well as rightly.
We do not think relator warranted in asking relief at our hands in the present situation of affairs. The District Oourt having power to-send writs of certiorari and prohibition to justices of the peace in a certain class of cases, when its jurisdiction to that end has been invoked in a particular case as being one of that character they are-entitled to issue tentative writs and to primarily determine whether that jurisdiction legally extends to the ultimate affording of the relief asked. Relator had the right to raise the issue he did as to the power of the District Oourt, and to have that court pass on that exception, but none the less he should have produced and submitted his records as ordered and made his return or answer, and enabled the issues raised to be determined.
Should the justice reach an illegal conclusion as to his powers and duties in the particular ease it will be time enough to have recourse to this court (State ex rel. Kirsch vs. Judge, 45 An. 1206). It may well be, as we have said, that the District Oourt, on examination, may reach the conclusion that though he may have intended on appeal to render a final judgment in favor of the defendant, Gon-soulin, that intention was not carried out in the decretal part of his-judgment; that the plaintiffs had the right to discontinue the suit after it was remanded, and that when afterward the one hundred and forty-three suits, to which reference has been made, were insti-ituted, matters were not then in such a condition as to authorize any other than the Supreme Oourt to take adverse action in the premises.
It has not been claimed on behalf of the cane growers made co-defendants with Gonsoulin in the different suits that the proceedings against them were illegal. The controversy is limited to the proceedings against Gonsoulin. In order that all parties concerned be heard, we think R. P. & J. C. Broussard, the plaintiffs in the suits, should be made parties to the proceedings in the District Oourt. After full consideration, we are of the opinion that the orders-heretofore given here should be set aside, and that relator’s application be denied, but without prejudice, and it is so ordered and decreed.
Mr. Justice Miller — I dissent.