RICHARDSON     judgment made still more favorable to them, cannot be
*vs.*

---

RICHARDSON *vs.* SCOTT ET AL.

APPEAL FROM THE SEVENTH JUDICIAL DISTRICT, THE JUDGE THEREOF
PRESIDING.

In an exclusively possessory action, neither party is permitted to introduce
evidence of title ; an exception to this rule would probably take place in
a case where the *extent* of possession was disputed.

The proceedings before a justice of the peace to oust a possessor of the con-
tested premises, is evidence in a possessory action, to regain possession,
*i. e.* to establish *rem ipsam*.

The lessor has a right under the acts of March 3d, 1819, to sue for the recov-
ery of the possession of his leased property, under the jurisdiction of a
justice of the peace.

And if judgment is obtained, and possession in pursuance of it, the inquiry will not be allowed, whether or not the proper formalities were complied with in obtaining judgment, if the justice had jurisdiction *ratione materiæ.*

Where a tenant, on being required to surrender his lease, to evade his landlord, puts another in possession, such an act is directly *in fraudem legis,* and the possessor is considered as without any right or claim to the possession.

WESTERN DIS
*October,* 1833.

RICHARDSON
*vs.*
SCOTT ET AL.

This is a possessory action. The plaintiff is the widow of R. D. Richardson, deceased, and claims the possession of the plantation and slaves, on which her husband died, and of which she alleges she had the possession, until forcibly ejected by the defendants.

The defendants filed separate answers; both denying possession to be in the plaintiff. Scott pleaded actual possession of the disputed premises; and Hook pleaded that he was in possession of them as Scott's agent.

The plaintiff had judgment, and the defendants appealed.

MATHEWS, J., delivered the opinion of the court.

This is a possessory action, commenced by the plaintiff, in her own right, and as natural tutrix of her children, who are minors, to recover possession of a certain plantation or tract of land, and slaves thereon, &c., situated in the parish of Ouachita, from which the petitioner alleges that she had been wrongfully and forcibly ousted or removed by the defendants.

They separated in their answers; the right of possession in the plaintiff is denied by both; Scott pleads legal and actual possession in himself at the time of instituting the present action; and Hook alleges that he obtained possession lawfully, as Scott's agent, &c.

Judgment was rendered in the court below in favor of the plaintiff, from which the defendants appealed.

The facts of the case, as they appear on the record, are established by testimony of witnesses taken down in writing, and by written documents. The latter were generally excluded from the evidence by the court below, in rendering its judgment, and are all brought up to this court under bills

of exceptions. They consist of muniments of title, and a record of a suit prosecuted to judgment and execution on the part of the defendant Scott, against one Hamblin, who, as alleged in the petition by which that action was commenced, had obtained possession of the premises now in dispute, in June, 1830, from a certain R. D. Richardson, who held the property at that time, for the plaintiff in that suit.

The proceedings in that case were commenced and carried on before a justice of the peace, in pursuance of the provisions of an act of the legislature, respecting landlords and tenants, approved on the 3d of March, 1819.

The present being exclusively a possessory action, it is believed, according to the article 53d of the Code of Practice, that the judge *a quo* did not err in refusing to admit evidence of title in either party to the suit. An exception to the rule established by this article of the Code, would probably take place in a case where the extent of possession was disputed; for, in such a case, the introduction of title papers might become necessary to show how far the right of possession, either civil or natural, or both combined, might legally extend over a tract of land, the possession of which was disputed. But no contest of this nature seems to have arisen in the present case. See in relation to this part of the cause, 7 *Martin*, p. 486.

As the proceedings had before the justice of the peace, relate entirely to possession, we are of opinion that they were properly admitted, so far as they were allowed to be evidence to establish his *rem ipsam*. The legal effect of this evidence on the rights and claims of the parties, is a matter different from its admissibility.

The testimonial proof, although somewhat contradictory, together with the copy of a letter, written to Scott, by R. D. Richardson, the husband of the plaintiff, and father of her children, whom she now represents, as tutrix, which is part of the evidence contained in the record, purporting to have been dated on the 1st of April, 1830, establish the fact

*In an exclusively possessory action, neither party is permitted to introduce evidence of title; an exception to this rule would probably take place in a case where the extent of possession was disputed.*

*The proceedings before a justice of the peace, to oust a possessor of the contested premises, is evidence in a possessory action, to regain possession, i. e. to establish rem ipsam.*

pretty clearly, that the writer never possessed the premises in dispute in his own right, but as tenant, holding for Scott. There is no evidence to show that the tenant could ever consistently have joined the will to possess for himself or in his own right, to the actual detention of the property. His possession was, therefore, according to legal principles, the civil possession of the defendant, Scott. See *La. Code,* from *art.* 3389, to *art.* 3402.

MATHEWS, J., delivered the opinon of the court.

The whole evidence of the case, stripped as it is, of all documents relating to the title, shows that Richardson held possession of the premises in dispute, for Scott, until some time in June, 1830; that they were then let to Dr. Hamblin, on a lease, which was to expire on the 1st of January, 1831, or so soon thereafter as he could gather the crop, which grew on the plantation in 1830; and that Richardson died in July of this year, 1830, leaving the plaintiff, his widow, and two children, of whom she is tutrix, who left the plantation, and did not return to it until January, 1831.

Now it is clear that Richardson, the husband and father, not having possessed in his own right, had acquired no right of possession before or at the time of his death, and consequently could transmit no such right to his widow and heirs. If Scott, either by himself or his agent, Hook, had peaceably entered into, or recovered actual possession from Hamblin, his tenant, under the lease from Richardson, at the expiration of that lease, the pretentions of the plaintiff in the present suit, would be wholly without foundation.

But it is contended on one part, that, even admitting that she had no right of possession, or was not a person entitled to bring a possessory action, according to the 47th article of the Code of Practice, yet being one evicted by force, she is legally authorised to maintain the present suit, according to a proviso of the 49th article, wherein it is declared that a possession of less than one year, in case the possessor has

8

WESTERN DIS
October, 1833.
═══════════
RICHARDSON
*vs.*
SCOTT ET AL.

been evicted by force or fraud, will authorise an action to recover possession. This leads us to the consideration of the proceedings commenced and carried on before the justice of the peace.

Considering Hamblin either as the immediate or sub-lessee of Scott, (and as standing in one or the other of these situations, he must be considered according to the evidence of the cause,) the lessor had a right, under the act of 1819, to pursue for recovery of the possession of his property, under the jurisdiction of a justice of the peace. He did so, and obtained a judgment, and it is not for us to inquire, whether or not proper formalities were complied with, in the prosecution of his claim; it is enough that the justice had jurisdiction *ratione materiæ*.

The lessor has a right, under the acts of March 3d, 1819, to sue for the recovery of the possession of his leased property, under the jurisdiction of a justice of the peace.

And if judgment is obtained, and possession in pursuance of it, the inquiry will not be allowed, whether or not the proper formalities were complied with in obtaining judgment, if the justice had jurisdiction *ratione materiæ*.

Previous, however, to the execution of this judgment, the tenant had given up possession to the plaintiff. This we view as an act intended to evade the law; it is directly *in fraudem legis*, and ought not to be tolerated by courts of justice; otherwise the provisions of the act relating to landlords and tenants, would become vain and nugatory. The plaintiff, at the time she was removed from the premises, stood in a situation no better than a person would be in who should take possession of a house and plantation from which the owner was temporarily absent on business, or any other occasion. She must be considered as an intruder or usurper, without a shadow of claim. A system of jurisprudence which would authorise a person thus deprived, to recover possession against the rightful owner, having the right of possession, would, in our opinion, violate all sound rules and principles, on which the rights of property are founded. We conclude that the proviso of the 49th article of the Code of Practice is not applicable to the present case, and that the defendants did not obtain possession either by illegal force or fraud.

Where a tenant, on being required to surrender his lease, to evade his landlord, puts another in possession, such an act is directly *in fraudem legis*, and the possessor is considered as without any right or claim to the possession.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and

annulled. And it is further ordered, adjudged and decreed, that judgment be here rendered for the appellants and defendants, with costs in both courts.