STATE *vs.* JUDGE BUCHANAN.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

The party praying a *suspensive* appeal must, within ten days after the notification of the judgment, give his obligation with *a good and solvent* surety, residing in the jurisdiction of the court, for the sum required by law.

The appellant must offer to the judge *a good and sufficient* surety, who is bound to receive the security offered; but if he is shown to be insufficient, the condition has not been complied with through the fault of the appellant, and the appellee is entitled to his execution.

So, if the surety in a suspensive appeal bond is shown to be insufficient, the appellee may have his execution immediately.

In the case of *Gray* vs. *Cochran*, the defendant prayed and obtained a suspensive appeal, on giving bond with one Joseph Grant, as security in the sum of four thousand five hundred dollars, conditioned according to law.

The plaintiff took a rule on the defendant and appellant, to show cause why the appeal should not be dismissed, on account of the insufficiency of the security offered, which was made absolute on hearing the parties. The appellant offered an additional surety, which the district judge refused to receive.

The appellant then applied to this court for a *mandamus*, to compel the judge to receive the additional security offered, and to allow the appeal. On a rule *nisi*, the district judge showed cause, and this court pronounced the following judgment.

*Strawbridge*, for the appellant, in support of the rule.

*Wharton, contra.*

*Eustis, J.*, delivered the opinion of the court.

On a rule to show cause why a *mandamus* should not issue to the judge of the first judicial district, commanding him to

allow a suspensive appeal, the judge made the following return :

" The undersigned now comes into the Supreme Court, and, for answer to this rule, respectfully shows: that it appears from the record of the case of *Gray* vs. *Cochran*, that a judgment rendered against the defendant, and condemning him to restore to the plaintiff certain property, was notified to the defendant on the 6th April, 1839. On the 16th April, 1839, a petition of appeal was filed, and an order was made in the following words :

" ' An appeal is allowed in this case, according to law, returnable in the Supreme Court on the third Monday in next month, on the appellants giving bond with Joseph Grant, his security, in the sum of four thousand five hundred dollars, with condition as the law directs.

" ' 16th April, 1839.'     " ' A. M. Buchanan, Judge.'

" In conformity to this order, a bond was filed on the same day, with Joseph Grant as security. On the 20th April, 1839, a rule was taken by the plaintiff on the defendant to show cause why the appeal granted in this case should not be set aside, on the ground that the surety on the appeal bond was insufficient, and not such as is required by law.

This rule came on to be tried on the 4th May, both parties present. It was proved on the part of the plaintiff, that Joseph Grant, surety on the appeal bond, was insolvent, and had lately sued his creditors. No attempt was made by the defendant to establish the solvency of the surety, or to rebut the evidence of his insolvency ; on the contrary, the fact was admitted, and other security offered in place of that already given. This application was granted by the court, with this modification, however, that the bond should only be required for costs, as the appeal, under these circumstances, would not stay execution. The order of court granting leave to substitute other security, as well as the decision upon the rule, are annexed, as extracted from the minutes.

" After this statement of the proceedings which have

EASTERN DIST.
May, 1839.

STATE
vs.
BUCHANAN.

taken place in relation to the appeal in this cause, I believe. the Supreme Court will agree with me, that the appeal is at present merely devolutive. To obtain a suspensive appeal, the party appealing must furnish his security within ten days after the notification of the judgment. *Code of Practice*, 578. 7 *Louisiana Reports*, 448. If insufficient security be given, it is the same as if no security is given. The appellant must furnish, at his peril, a security having the legal requisites. The uniform practice of the court has been to grant the order of appeal filled up with such name as the appellant designates. This security is thereafter to be justified, if called in question. It would require too much trouble, and would be a waste of time, to require proof before signing the order. By considering the subject in this light, the appellee loses no right, if the court has been surprised (as in the present instance) into signing an order filled up with the name of an insolvent, worthless surety.

In this case, the bond, on the strength of which the defendant has applied for a *mandamus*, and seeks to have a stay of execution, was filed twenty-eight days after the notice of judgment."

On an appeal from a judgment, execution may be stayed, provided the appeal be taken within ten days after the notification of the judgment, and provided the appellant gives his obligation, with a good solvent security residing within the jurisdiction of the court, in favor of the appellee, for a sum, and conditioned as provided in the articles 575, 576 and 577, of the Code of Practice. Such we understand to be the proper construction of the article 575.

The party praying a *suspensive* appeal, must within ten days after the notification of the judgment give his obligation with a good and *solvent* surety, residing in the jurisdiction of the court for the sum required by law.

The article 573 provides that the appellant must offer to give such security as the court may direct, as afterwards provided in the Code of Practice.

We believe the uniform practice has been, for the judge to take the surety offered by the party ; any other mode of acting, as the judge is not empowered in the last resort to determine on the sufficiency of the surety, would be attended with unnecessary inconvenience.

The appellant is bound to furnish good and solvent security

within the time provided; this is a condition which is to be performed by him, without which execution cannot be stayed. He is bound to know the solvency of the person whom he presents to the judge as willing to contract the obligation for him. It is in vain to contend, that, in point of fact, the appellant can be supposed to be ignorant of the situation of his surety. He offers him as a person good and solvent, the judge receives the surety as such on his representation, without prejudice to the rights of the appellee, who can insist on having the security which the law requires, or in default thereof, execution on his judgment. If the surety given be not good and solvent, the condition has not been complied with, through the fault of the appellant; and we think the appellee is entitled to have his execution. The rule is therefore discharged.

Eastern Dist.
May, 1839.

BATRE ET AL.
vs.
LA. INSURANCE
COMPANY.
The appellant must offer to the judge a *good and sufficient* surety who is bound to receive the security offered; but if he is shown to be insufficient, the condition has not been complied with through the fault of the appellant, and the appellee is entitled to his execution.
So, if the surety in a suspensive appeal bond is shown to be insufficient, the appellee may have his execution immediately.