*Eastern Dist.*
*May,* 1840.

BANKS
*vs.*
HYDE.

---

## BANKS *vs.* HYDE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

15 391
124 238

The owner cannot interpose another person to bid in his property for him at a resale, so as to charge the *folle enchère*, or first purchaser failing to comply with the terms of sale. He becomes himself the purchaser, and there is in fact no sale.

A vendor, on his vendee's failing to comply, must take his choice, either to regain his property, or insist on the payment of the price by instituting suit.

This is an action to recover the sum of twelve thousand dollars, as the difference between the first and second sales of property, first adjudicated to the defendant ; and on his failing to comply with the terms, resold on his account, and at his risk.   He bid nineteen thousand dollars at the first sale, and at the second, it was struck off to Joseph E. Whitall for seven thousand dollars.

The defendant pleaded a general denial, but admitted he bid for the property as alleged, and it was struck off to him ; that if the contract of sale was not carried into effect, it was the fault of the plaintiff in not removing sundry mortgages, of greater amount than the value of the property.   He denies the right of Banks to resell the premises, or claim from him the difference between the two sales.

Upon these pleadings and issues the cause was tried.   The plaintiff offered evidence to show that he tendered the necessary act of sale, and required of the defendant to comply with its terms.

Whitall, to whom the property was struck off at the second sale, was called as a witness, and declared he was not present at the sale ; that some one met him, soon after, and told him he had bought the property very cheap, and advised him to go and accept the sale, which he did ; but states he subsequently conveyed the property to the plaintiff, without receiving any of the money or notes mentioned in the act as the price or consideration : in fact, Banks paid him no consideration.

There was other testimony adduced on the trial, not material to notice.

The district judge was, however, satisfied with the plaintiff's proof and right to recover.   Judgment was rendered against the defendant for the sum claimed, and he appealed.

*C. M.* and *F. B. Conrad*, for the plaintiff, insisted that the defendant was duly and properly put in default, for having failed to comply with the terms of the first sale, and that he is bound for the deficiency in price. *Louisiana Code*, 1905–6–7, 2539 ; *3 Louisiana Reports*, 384 ; *5 idem.*, 375 ; *7 idem.*, 506.

EASTERN DIST.
*May*, 1840.

BANKS
*vs.*
HYDE.

*Strawbridge* and *Lockett*, for the defendant, urged that the plaintiff was in fault in not disincumbering the property, as was required ; and that there was no legal delivery.

2. The plaintiff sustained no damage, and has no right whatever to recover. The second sale was feigned and simulated, and does not authorize an action of damages for the difference in price.

*Morphy, J.*, delivered the opinion of the court.

The defendant appeals from a judgment condemning him to pay twelve thousand dollars, the difference between the price at which certain property was adjudicated to him, and that which it brought on a resale at public auction, on his refusal to carry into effect the first adjudication.

The view we have taken of this case, makes it useless to examine the grounds on which the defendant has endeavored to justify his refusal to execute the sale.

From the evidence, it appears, that when the property was put up for sale the second time, it was adjudicated apparently to Joseph E. Whitall, but, in reality, to the plaintiff himself. The name of the former was given in to the auctioneer, as being the purchaser, without his knowledge or consent, and shortly afterwards the property was reconveyed to the latter. No consideration was given or received by Whitall, in either sale. He declares, explicitly, that he always thought he was holding the property for Banks, whose agent he was. The plaintiff must then be considered as having himself become purchaser at this second sale, *qui facit per alium, facit per se.*

The owner of property cannot interpose another person to bid in his property for him at a resale, to charge the *falle enchère*, or first purchaser failing to comply with the terms of sale. He becomes himself the purchaser, and there is, in fact, no sale.

The first adjudication was for nineteen thousand dollars ; the second for seven thousand dollars. We cannot consider

EASTERN DIST. the difference as a loss to plaintiff. If it was allowed him,
  *May*, 1840. he would be receiving his property back, and besides, a sum
——————— of twelve thousand dollars. A vendor must take his choice,
BALDWIN'S EX- either to regain possession of his property, or to insist on the
    ECUTOR      payment of the price by bringing suit against the purchaser,
     *vs.*
  CARLETON.     or by resorting to the course authorized by article 2589 of the
  A vendor, on Louisiana Code. This article provides that the thing sold
his vendee's fail-
ing to comply, is to be again exposed for sale, as if the first adjudication had
must take his
choice, either never been made. If, at this second exposure for sale, the
to regain his vendor buys in the property, he must be considered as with-
property, or in-
sist on the pay- drawing it, or renouncing the right of reselling, for the
ment of the price
by instituting account and risk of the first purchaser. He can claim of the
suit.           latter, no deficiency of the price when there has been no resale.
The plaintiff could no more buy at this second sale, than he
could at the first. *Louisiana Code, article* 2418 *;* See the
recently decided case of *Municipality No.* 2 vs. *Hennen,* 14
*Louisiana Reports,* 559.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be avoided and reversed,
and that ours be for the defendant, with costs.