# SUPREME COURT OF LOUISIANA,

### IN THE

## WESTERN DISTRICT, AT ALEXANDRIA,
## OCTOBER, 1843.

~~~~~~~~~~~~~~~~~~~

### PRESENT:

HON. FRANÇOIS XAVIER MARTIN.
HON. HENRY A. BULLARD.
HON. ALONZO MORPHY.
HON. EDWARD SIMON.
HON. RICE GARLAND.

~~~~~~~~~~~~~~~~~~~

THOMAS JEFFERSON WELLS and another *v.* WILLIAM P. HICK-MAN.

Where a party to whom interrogatories have been propounded, states facts not close-ly connected with those as to which he has been questioned, the opposite party should move to strike out such irrelevant matter.

Persons in possession as tenants cannot, by consenting to posssss for a third person, or by permitting others to disturb their possession, or to cultivate the land, affect in any manner the rights of their landlords. C. C. 3408, 3409.

APPEAL from the District Court of Natchitoches, *King,* J.
*Dunbar,* for the plaintiffs.
*Brent,* for the appellant.
SIMON J. This case was before this court in 1838, and was then remanded for a new trial. See 12 La. 416. On its being

returned to the court below, the parties agreed to have it trans-ferred to the parish of Rapides, where it was tried, *de novo*, and after a full investigation of the facts of possession relied on by the parties respectively, the Judge, *a quo*, was of opinion, that the plaintiffs were entitled to recover possession of the tract of land described in their petition, and gave judgment accordingly. From this judgment, the defendant has appealed.

On the trial before us, it has been urged, that one of the plain-tiffs, in answering the interrogatories propounded by the defen-dant, attempted to extend his answers to proving a long posses-sion of the premises ; that this was illegal, as said answers were not called for by the interrogatories ; and that those answers should be disregarded.

It is true, that according to the 353d article of the Code of Practice, the party interrogated may state some other facts tend-ing to his defence, provided they be closely linked to the fact on which he has been questioned ; but in this case, the question made was merely as to the date of the deed under which the plaintiffs claim, and as to the place where said deed was executed ; and we are not ready to say, that they have a right to extend their answers to proving the possession which is the very foundation of their ac-tion. This fact was not called for by the interrogatories ; and had the defendant moved the lower court to have it stricken out of the plaintiffs' answers, we think it should have been done. But the record does not show, that the defendant's exceptions to the un-called for answers, were ever acted upon by the court below ; no motion was made to strike them out ; and we are unable to disco-ver what weight was given to them by the inferior Judge, in ren-dering his judgment in favor of the plaintiffs. The presumption perhaps is, that they were disregarded, as nothing shows, that on the trial below, they were made the subject of any controversy.

On the merits of the case, we have attentively perused the parol evidence adduced in support of the pretended possession of the respective parties, and we cannot hesitate to say, that, without its being necessary to give any weight to the answers of the plain-tiffs to the defendant's interrogatories, the plaintiffs have fully made out their case. It is shown, that the plaintiffs' possession began in 1827, at which time, two brothers named Lemoine were

Wells and another v. Hickman.

put in possession of the land in dispute, in the name of one of the plaintiffs ; that these persons continued to possess until 1833 ; that they were ordered off by the defendant, and were by him told to occupy the land in his name, or " *to leave it alone.*" The Lemoines cultivated it for about seven years, and left it in 1833, in the fall of which year the defendant sent persons to take possession of the land for him. The defendant made a crop on the land in 1834, and sent his negroes upon it in that year to cultivate it. The present suit was instituted in May, 1834, and it is clear, that the defendant had not been one year in possession of the premises, when the plaintiff brought his action of possession. The facts of possession upon which the judgment appealed from is based, are established, not only by the two Lemoines, but also by several other witnesses. One of them says, that when the Lemoines took possession of the land, it was as tenants of Bayley. Another states, that they cultivated it in 1833 ; that the defendant made a crop on the land in 1834; and, although something is said in the evidence, tending to show that Hickman made a crop on the land in 1832, still, it is positively established that the Lemoines did not cease to cultivate it until the fall of 1833, when Hickman sent his hands upon it to make the next crop.

Now, under arts. 3408 and 3409 of the Civil Code, if a person, who commenced his possession of an estate for another, should intend not to hold it any longer for that other, but for himself, yet shall he still be presumed to hold possession for the person for whom he originally took it. Here, the origin of the Lemoines' possession is clearly established. They were the tenants of Bayley. They possessed for him, and they could not, by consenting to possess for another, or by permitting other persons to disturb their possession, or to cultivate the land, affect in any manner the rights of their landlord. Such an act on the part of the Lemoines, would be *in fraudem legis*, and the new possessor should be considered as without any right or claim to the possession. 6 La. 58.

The case being before us as a mere possessory action, we have abstained considering the evidence introduced in relation to the titles of the parties to the premises in dispute. We are of opinion, that the plaintiffs have brought themselves within the pro-

visions of art. 49 of the Code of Practice, and that the Judge, *a quo*, did not err in maintaining them in their possession.

*Judgment affirmed.*