Bullard, J.
The appellant, Fowler, having purchased at a sheriff’s sale, sundry promissory notes given by the Atchafalaya Bank, the payment of which was secured by mortgage on real estate in New Orleans, which notes were sold as the property of the Bank of the United States of Pennsylvania, obtained from the District Court of the First District an order to the commissioners for the liquidation of the Atchafalaya Bank, to advertise forthwith and sell the mortgaged premises, after an advertisement of thirty days, for cash, without appraisement, according to the agreement of the parties. This order or judgment, which was given on the 5th day of August, 1843, has never been reversed or set aside. The commissioners, however, apparently . paying no attention to it, Fowler, on the 5th of September, took a rule on them to show why they should not be punished for disobeying the order of the court.
The commissioners, in answer to this rule, profess their willingness to obey the order of the court; but suggest, that the pro- ' perty ought to be sold for the notes of the Bank of the United States of Pennsylvania, inasmuch as Fowler has no greater rights than that Bank had before the sale of the notes; and they pray for an order to that effect.
*448 The judgment upon this rule was, that it be dismissed : but the commissioners were authorized to advertise the premises for sale for cash, or the notes of the Bank of the United States at the option of the purchaser. From this judgment an appeal was taken, but not prosecuted in time.
Finally, on the 16th of November, another rule was taken on the commissioners, to show cause why they should not proceed to sell the mortgaged property for cash, according to the original order. To this rule the commissioners answered, that the whole matter had been adjudged upon the first rule, which judgment they set up as res judicata ; but they say, that if that plea be overruled, they are ready to advertise and sell the property in manner and form as was first ordered by the court, which order, they say, is still in force.
After a trial upon this last rule the court sustained the plea of res judicata, and the petitioner again appealed; and this is the appeal now before us, the first having been abandoned.
We are of opinion that the court erred. The original order to sell the property for cash, according to the terms of the contract, was still in force, and so admitted to be by the commissioners. The only question presented to the,,court was, whether the commissioners should be punished for disobeying the order. No issue was joined upon any other question. In order to constitute the authority of the thing adjudged, it is not only necessary that the parties should be the same, but the same question must be presented by the pleadings. The court had no authority to set aside its first judgment, without any regular opposition. The commissioners had no interest in contending that the price of the property should be paid in the bank notes of the Bank of the United States, any more than in Fowler’s own notes. It is not pretended they had any such funds as an off-sett to the claim. The plea of res judicata ought in our opinion to have been overruled, leaving the first order in full force.
It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, that the exception of res judicata be overruled, and that the case be remanded for further proceedings according to law, the appellees paying the costs of the appeal.