## GIBSON v. SELBY.

A judge is not incompetent to grant an order of appeal in consequence of being a party to the case. A recusation could alone render him incompetent.

Where a judge is unwilling to act on an application for an appeal from a judgment rendered against him personally, he should recuse himself; and the recusation should be in writing, to enable the judge of an adjoining district to act in his place.

The inability or omission of a party to furnish a bond and fulfil the condition precedent upon which a suspensive appeal was granted, will not preclude him from applying within the

year for a devolutive appeal, on the ground of his having abandoned a previous appeal. The jurisdiction of the Supreme Court attaches only when the bond is filed.

Consent of parties cannot dispense with the necessity of an order allowing an appeal. *Per Curiam:* The jurisdiction of the appellate court attaches only after a judicial order, divesting, when its terms are complied with, the jurisdiction of the inferior tribunal.

RULE on the Judge of the District Court of Carroll, in the Tenth Judicial District, to show cause why a *mandamus* should not be issued, commanding him to allow a devolutive appeal to the plaintiff, in an action against the judge individually. *Bonford* for the rule. *Thomas,* for the defendant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff applied to this court for a rule upon the Hon. *Lewis Selby,* judge of the Tenth District Court in and for the parish of Carroll, to show cause why a peremptory *mandamus* should not issue, commanding him to grant an order for a devolutive appeal. The plaintiff accompanied his application with affidavits showing that both he and his counsel had presented a petition of appeal to the judge, who refused to grant the order of appeal, or to recuse himself by a written recusation. The judge was, in his individual capacity, the defendant in the suit in which the appeal was prayed for. The judgment had been rendered by his predecessor in office. It also appeared by a certificate of the Hon. *Thomas H. Farrar,* judge of the Ninth Judicial District, that the petition of appeal had been presented to him, and that he refused to grant the appeal, unless the case were referred to him in writing by the judge of the Tenth District. Upon the above application this court granted the rule to show cause, and the judge of the Tenth District has answered in writing.

The first ground taken in reply by the judge is, that " he is a party defendant in the judgment from which *Gibson* claims to exercise the right of appeal, and that, as such, he is incompetent to make any order in the case, except one recusing himself, should such recusation be necessary to the exercise of any legal right therein by the plaintiff. No such recusation was required of him, to enable the plaintiff, if entitled thereto, to obtain an order of appeal from a neighboring judge. An appeal would have been granted in the case of right, and as a matter of course, by a neighboring judge, on the presentation to him of a petition alleging that the presiding judge was a party defendant therein, without an order of recusation by him."

The judge was not absolutely incompetent to grant the order of appeal, by reason of the fact that he was a party to the judgment from which an appeal was desired. A recusation was necessary to render him incompetent. That recusation could be made by the plaintiff, or it could be made by the judge *proprio motu.* See Code of Practice, articles 337, 340. The plaintiff did not recuse the judge. On the contrary, he requested him to act and grant the order. He was willing, and desired, that the judge should act. If the judge was unwilling to act, his course was clear; he should have recused himself— the alternative presented by the plaintiff, and have declared so officially and in writing. This recusation would have enabled the judge of the adjoining district to act. In its absence the latter judge could not act; he was without jurisdiction, nor could he undertake to declare the judge of the Tenth District incompetent, for, as we have seen, the incompetency was not absolute ; it could flow only from a recusation ; and until recusation judicially certified, the capacity and jurisdiction of the judge of the Tenth District over the cause was not divested.

GIBSON
v.
SELBY.

The next ground taken in the answer of the district judge is that, the plaintiff is not entitled to an order of appeal, because the judgment in this cause was rendered on the 13th April, 1846; that on the 18th of that month the predecessor of the defendant granted, on motion in open court, under the act of 1843, an order for a suspensive appeal, returnable in January, 1847, which appeal the plaintiff, not having filed the transcript, is to be considered as having abandoned; and that, under article 587 of the Code of Practice, he is not entitled to a new order for an appeal in devolutive form. It is true, as argued by the defendant in rule, that the motion for an appeal is to be considered, under the act of 1843, as operating a citation; but it is to be observed that, in this case, no appeal bond was filed. The filing of a bond was a condition precedent without which the appeal was inchoate only, and the case therefore does not come within the rule of abandonment, as expressed in the 594th art. of the Code of Practice. The inability, or the omission, of the plaintiff, to furnish a bond and fulfil the condition precedent upon which a suspensive appeal was granted, did not preclude the party from applying within the year for a devolutive appeal. The jurisdiction of this court attaches only when the bond is filed. See 7 La. 448. 1 Rob. 527. 10 Rob. 152. See also 3 Rob. 78.

The third ground presented by the answer is, that the defendant in the rule offered to the parties, as he alleges, "to waive an order of appeal on the transcript of the record, if they would present to him a correct one, which they declined doing." This offer must be considered as made by the defendant in his individual, and not in his official, character. Assuming such offer to have been made, the plaintiff was not bound to accept it. Such an agreement, if made, would not have been binding. The jurisdiction of the appellate court attaches only by a judicial order divesting, where its condition is complied with, the jurisdiction of the inferior tribunal, and cannot be given by consent of parties.

It is therefore ordered that a peremptory *mandamus* issue, commanding the Hon. *Lewis Selby*, judge of the Tenth Judicial District, to grant and sign an order for a devolutive appeal, as applied for by the plaintiff.