IiiSLET, J.
On the 15th February, 1861, the defendant, Jachonias Thayer, sold with full warranty to one F. Verret, certain lots of ground which a few days after Verret sold without warranty, but with a special subrogation of warranty against his vendor, Jachonias Thayer, the defendant, to Theophilus Thayer, who paid the purchase money to Verret.
When Jachonias sold the lots to Verret, he had no title whatever to them, having previously on the 25th March, 1857, transferred them to another person, and the present plaintiff deeming the sale to Verret fraudulent and a nullity, instituted the present attachment suit, to recover from the warrantor, Jachonias Thayer, the purchase money, by him paid therefore to Verret.
Jachonias Thayer, an absentee, represented by a curator ad hoc, filed an exception to the jurisdiction of the Second District Court, as being incompetent to take cognizance of the matter complained of in the plaintiff’s petition, which exception was overruled by the Court, because, as it held “the action was brought by the representative of a succession, and judgment was rendered in favor of the plaintiff.”
This Court has very lately held that the Second District Court of New Orleans is one of limited jurisdiction—which is restricted to probate proceedings only. Act of 1865, sec. 8. Art. 925 C. P.
It can take exclusive cognizance of claims for money, brought against and not for successions administered by curators, testamentary executors or administrators of successions. C. P. 924, § 13, and 925, Grubb v. Henderson, 6 La. 54.
It has no jurisdiction of a suit against the curator of an absentee. Soulie v. Soulie, 5 La. 27.
It is therefore'ordered, adjudged and decreed, that judgment of the District Court be annulled, avoided and reversed; and it is further ordered, that the plaintiffs’ suit be dismissed, at his costs.