No. 1967.—THE STATE OF LOUISIANA, ex. rel. SAMUEL JOHNSON, *v.* THE JUDGE OF THE FIFTH DISTRICT COURT of the Parish of Orleans.

The right of appeal is a constitutional right, and does not depend upon the discretion or pleasure of the District Judge. Const. art. 74. The right to determine primarily whether the appellant has complied with the requirement of the law is vested in the District Judge, but his decision is subject to the revision of the Supreme Court. The proper remedy for correcting the illegal rulings of the District Judge in dismissing the appeal or declaring it devolutive only, after a suspensive appeal has been granted or a bond has been filed, is by writ of *prohibition* and not by *mandamus.*

APPLICATION for a *Mandamus.* *G. Schmidt*, for petitioner for mandamus.

LUDELING, C. J.   F. A. Cousin & Bro. obtained a judgment against Samuel Johnson for five thousand six hundred and eight and five one hundredths dollars, with legal interest from thirtieth September, 1867, in the Fifth District Court of the parish of Orleans.

Johnson applied for and obtained an order for a suspensive appeal, and he alleges, under oath, that within the legal delays, he furnished a bond for an amount exceeding one-half the sum he had been condemned to pay, with good and solvent security, as the law required.

Subsequently the plaintiff obtained an order from the District Judge commanding Johnson, the appellant, to show cause why the said appeal should not be dismissed; and after hearing the parties the appeal was dismissed.. From this order dismissing the appeal, Johnson prayed for a suspensive appeal, which the judge refused to grant.

Whereupon Johnson applied to this court for a mandamus against the Judge of the Fifth District Court of the parish of Orleans to compel him to grant a suspensive appeal from the order dismissing the appeal, which he had already allowed.

In justification of his conduct the District Judge gave the following reasons:

*First.*—"Because the right of deciding whether an appeal, previously granted, shall be suspensive or devolutive is exclusively within the province of the court from which it was taken.

*Second.*—"Because the defendant having failed to furnish, within the ten days following the signature of the judgment on the merits, *the bond required by law*, the appeal granted could not stay execution.

*Third.*—"Because the decree ordering execution to issue and from which a suspensive appeal is sought, is not a final judgment, and is not even represented as an interlocutory judgment, which may cause an irreparable injury, and it is from such only that the law allows a suspensive appeal.

*Fourth.*—"Because a suspensive appeal cannot be taken from such a decree, which does not condemn the defendant to pay any sum of money, deliver any property or perform any act."

Neither the petitioner nor the judge discloses upon what grounds the appeal granted was dismissed. The petitioner swears that within *the legal delays he furnished a bond with good security, for an amount exceeding one half the amount of the judgment appealed from.* While, on the other hand, the judge states that the appellant failed to furnish within the legal delays *"the bond required by law."* He does not state wherein the bond was defective, if bad—or that, the bond, if good, was filed too late. We have not a copy of the bond before us. But the petitioner having sworn to the statements above mentioned, it was the duty of the judge to have stated distinctly wherein the appellant had failed to comply with the requirements of the law. The position of the judge, that he has *the exclusive right* to determine whether "an appeal previously granted, shall be suspensive or devolutive" is erroneous.

The right of appeal is a constitutional right; and its exercise is regulated by law; it is not dependent upon the discretion or pleasure of District Judges. Constitution, art. 74; C. P. art. 575.

If, therefore, the appellant furnished the bond required by law, within the legal delay, his right to a suspensive appeal is indefeasible. If, on the contrary, the bond furnished be not such as the law requires, or if it be given after the delay fixed by law in which the bond must be filed, for a suspensive appeal, execution may be issued under the judgment, notwithstanding the appeal. The right to determine, *primarily*, whether the appellant has complied with the requirements of the law or not, is vested in the District Courts. But their decisions are subject to the revision of the Supreme Court. If the appellant has complied with the provisions of the law any action, on the part of the District Judge in the case would be unauthorized, because the jurisdiction of the Supreme Court attaches so soon as the order of appeal has been granted and the bond required by law has been filed. C. P. art. 575; 4 La. 205; 7 La. 448; 15 La. 391; 13 La. 574; 1 R. 527; 10 R. 152; 8 An. 434; 17 An. 186.

Notwithstanding the District Judge might think the appellant had not complied with the law, yet he might be mistaken. It is for the Supreme Court to determine finally.

It would seem, however, that the proper mode of bringing such questions before this court is by writ of prohibition; because, if a District Judge assume jurisdiction in a case, after the appellant has complied with the law, which entitles him to a suspensive appeal, the judge is clearly exceeding the bounds of his jurisdiction. C. P. art.

The State of Louisiana, ex. rel. Samuel Johnson, v. The Judge of the Fifth District Court of the Parish of Orleans.

845; 13 La. 574; 19 La. 174; 19 La. 179; and 20 An. State ex. rel. Stackhouse *v.* Judge of the Fifth District Court, parish of Orleans.

The petitioner is entitled to relief, but we cannot accord it to him, in the form he has asked for it.

It is therefore ordered that the application for the mandamus be dismissed at petitioner's cost; reserving to him, however, the right to proceed against the Judge of the Fifth District Court by writ of prohibition, should it be necessary.