No. 4830.

## M. L. BLOCK vs. A. BONNET.

Plaintiff was entitled to possession of the premises leased to him until he was legally dispossessed, which it is clear he was not, and the acts of Bonnet, the lessor, by prostituting legal proceedings to accomplish his purpose of ejection, by which plaintiff was damaged and his rights recklessly disregarded, gave a right of action for damages. The verdict of the jury has done justice between the parties.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier*, J. Jury trial. *John Ray* and *E. Phillips*, for plaintiff and appellee. *William H. Hunt*, for defendant and appellant.

TALIAFERRO, J. This is a suit for damages caused, as the plaintiff alleges by a series of unwarrantable, illegal, and oppressive acts perpetrated against him by the defendant through avaricious motives and vindictive feelings, using illegally and unwarrantably for his own bad purposes the machinery of the law under the guise of judicial proceedings. By the defendant exceptions were filed and overruled.

The answer is a general denial. Defendant avers that the only acts done by himself were sanctioned by the process of the third justice of the peace, which process he denies was in any manner abused or oppressively employed by respondent. Defendant specially denies that any damages were sustained by the plaintiff through the agency of the defendant. The answer closes by a prayer for trial by jury. A jury trial was had and resulted in a verdict in favor of the plaintiff for the sum of twelve hundred and fifty dollars. The defendant has appealed.

In the year 1871 Block rented a house from Bonnet, the lease to commence on the first of September of that year. This controversy had its origin in a disputation that arose between the parties in regard to whether the lease was by the month or by the year. The agreement was

not reduced to writing. Bonnet asserted that the property was leased by the month, and Block that the lease was by the year. Fourteen days after Block went into possession of the premises he received notice from Bonnet to vacate them. This he refused to do, and he was thereupon summoned to appear before a justice of the peace to show cause why he should not deliver the leased property to the lessor. Judgment was rendered against him, ordering the delivery of the property. From this judgment he appealed to the Third District Court, making the affidavit required by article 2157, Revised Statutes, to entitle him to a suspensive appeal. He furnished the required bond, which was accepted. After the appeal was granted and the appeal bond was accepted, Bonnet applied to the justice of the peace to dismiss the appeal on the ground that the answer was not sworn to as the law required. The appeal was dismissed on the sixth of November, 1871 ; and here still more active and energetic measures commenced. On the same day, between one and two o'clock p. m., a writ of ejectment was issued, and the furniture and effects of the lessee were summarily removed from the house under the supervision of a constable and placed on the sidewalk in a rough, careless manner, by which it is shown a piano and other articles were damaged. This was done, it seems, within two hours after the appeal was dismissed, and without the knowledge of Block and an opportunity being afforded him to remove the property himself, and McArthur, the new lessee, was immediately put in possession. Block thereupon applied to the Third District Court for a writ of mandamus requiring the justice to grant the appeal and to send up the record. The mandamus was made peremptory. A writ of prohibition was also issued by the Third District Court, and also an injunction ordering all the furniture to be replaced in the house and Block to be restored to possession. These orders were entirely disregarded by both Bonnet and McArthur, who refused to obey them when called upon by the constable so to do. A rule was then taken to cause the parties to be punished for contempt of court. It appears that at this stage of proceedings McArthur applied for and obtained an injunction from the Eighth District Court restraining Block from all further action to obtain possession of the premises. This writ of injunction was served on Block on the tenth of November, 1871. He ceased further action in the direction he had pursued, and filed the present suit for damages on the seventeenth day of November, 1871.

The position assumed by counsel in instituting this suit is that after the appeal was granted to Block from the judgment ordering him to vacate the premises, and after a sufficient appeal bond had been tendered and accepted and no objection afterward made to its sufficiency, the justice of the peace was divested of all jurisdiction of the case; and all that he did in the case afterward was *coram non judice*, without warrant

of law and absolutely void. They contend that the ground alleged by the justice for dismissing the appeal was wholly without foundation, and, even if it were not, it could only be examined and determined by the appellate court. Numerous authorities are invoked in support of these views and the positions assumed. 15 La. 391; 6 La. 58; 24 An. 600; 25 An. 622.

Looking now to the evidence in regard to the verbal lease of the property from the defendant, Bonnet, to the plaintiff, we find that Block, the plaintiff, as a witness on his own behalf, swears positively that the contract of lease was for one year. We consider this statement abundantly sustained by the testimony of other witnesses, and by testimony going to show that a strong motive existed to influence the conduct of Bonnet in giving the plaintiff notice to vacate the premises after he had occupied them only a month. This was that he could lease the property for much more than he leased it for to the plaintiff. Indeed, it is shown by the admissions of Bonnet himself that he leased the house for one year, and that he was influenced "in making the change" by his own pecuniary advantage. James McCunie, a witness, who was present at a conversation between the parties, on the thirtieth of September, 1871, says Block paid one month's rent, fifty dollars, and asked Bonnet why he had sent the notice to vacate, and asked him whether he did not recollect their agreement when he leased said premises in which it was understood that he, Block, would not take the house unless he could have it permanently at least for one year. Mr. Bonnet replied that he did remember, but was sorry, and having an opportunity to rent for seventy-five dollars per month, and considering his interest, he had agreed to rent it for that amount; at the same time stating to Mr. Block that he had no complaint to make against him as a tenant, (did not deny the agreement), that he "makes the change solely for his own pecuniary advantage." The evidence leaves no doubt that the plaintiff, by the faithless conduct of the defendant in violation of the contract, was seriously incommoded, put to great trouble and inconvenience, and harassed in his feelings. It is in proof that he rented the house in view of his marriage which was then soon to take place; that the lady who was to become his wife went with him to inspect the building which they were to occupy, and that she was pleased with it. It is further shown that plaintiff had gone to pains to construct on the premises a bath-house and to have coal laid in for the winter; to have the gas and water works transferred to his own name, and to have other things done to render the intended residence of himself and wife comfortable.

The exceptions of prematurity and no cause of action filed by the defendant against the plaintiff's demands were properly overruled. Block was entitled to possession of the premises until he was legally dispos-

sessed, which it is clear he was not ; and the acts of Bonnet by prosti-. tuting legal proceedings to accomplish his purpose, by which Block was damaged and his rights recklessly disregarded, gave him a right of action for damages.

The main purpose of Block in prosecuting his case in the Third District Court was to recover possession of the leased premises and hold them under what he contended was the contract. That purpose was effectually thwarted by Bonnet's getting McArthur into possession and by the injunction sued out by the latter in the Eighth District Court restraining Block from interfering with his possession. How the original suit in the Third District Court for possession may result is of no importance here. It is no issue in the present case. We think the verdict of the jury has done justice between the parties.

It is therefore ordered that the decree of the lower court be affirmed with costs.

Rehearing refused.