On Rehearing.
BRBAUX,' C. J.
Plaintiff brought this suit for a servitude of way, and to have tbe city’s rights to a public street recognized. •
Howard Cole, by whom plaintiff alleged a dedication of tbe street was made, bad bis land surveyed, and tbe surveyors never included or referred to a street adjacent to defendant’s lots, and none of bis land on that side was left for a public street. The western boundary was Southern avenue, indicated on tbe sketch attached. Tbe evidence does not prove that defendant ever recognized Southern avenue as including any part of bis land.

*74 [2] For the purpose of stating the situation, we resort to the following illustration: A. and B. own adjacent lots with dividing alley, originally dedicated by B. If A. recognizes the dividing alley, he does not thereby admit that a portion of his land is included and forms part of the alley. There was an alley, but, as defendant understood, not an alley which was formed by taking any part of his land. It happens that the illustration is not perfect because Southern avenue has not always been well defined. Since many years there was a space referred to as Southern avenue. It was an undefined open way. Of this the testimony leaves no doubt that it never included any part of the Tuxedo division.
According to the space in red on the sketch annexed, it is made to appear very' clearly that the subdivison line north and the line south are prolonged at each end, and do not deviate in any way so as to include the street - claimed as forming part of defendant’s land. No fence was ever constructed on the line. Some years ago, but some time after the survey, some one placed stakes in the field. The lines on the map did not authorize these stakes if ever it was the intention to place them along what was supposed to be th'e line. That being the case, these stakes do not control the map, particularly as the map conforms with the different titles. Stakes placed without the least authority and in contradiction to all titles cannot have a binding force. The owner has never acknowledged these stakes in any way as correct. This case has really become one of boundary, and it is well known in boundary suits the surveyor must have recourse to titles. Civil Code, arts. 839-841; Bach v. Slidell, 2 La. Ann. 628; 1 Hennen’s Digest, 93.
The dividing line according to the evidence is a half-mile section line established by government survey, and always eonsidered as a fixed and determined line in private surveys.
The witnesses who have testified in the case have not shown that there was a different line, particularly as relates to defendant, who was a third person. When he bought the property, there was a map in the clerk’s office showing that there was a line and all of the record evidence sustaining its correctness. The purchaser was not bound to go beyond the record. The city of Shreveport had never claimed any other line before. In a suit between that city and a Mr. Thigpen, the city lost and accepted the line as established in the suit, which conforms with the mile line of government survey as correct. True, no appeal was ever taken from the decision. It remained, none the less, in full force and effect. The city not only acquiesced, but actively accepted, and the street was laid out accordingly. It is now a finality and binding upon all parties to the suit.
If the city of Shreveport were to maintain its claim in this suit, it would have two lines of streets different, and one not consistent with the other.
In the case' cited — that is, Shreveport v. Thigpen — which has long since become final, and in which the city ha’s acquiesced, the city engineer testified. He also testified in the present case, and stated that his testimony in the Thigpen Case was in favor of the line claimed by the city, but that the court decided that the city was in error, and maintained the line now claimed by the defendant Simon.
It would be strange, to say the least, if the city were to be held to the half section mile line before mentioned as the boundary line in so far as the Thigpen line is concerned, and that the present line is the correct line in so far as defendant Simon is concerned, one diametrically opposed to the other.
As relates to prescription: This court has *76 repeatedly decided that continuous, nonapparent servitudes are to he established by title only. Torres v. Falgoust, 37 La. Ann. 497; Morgan v. Lombard, 26 La. Ann. 462, interpreting article 768 of the Civil Code.
In Lawson v. Waterworks, 111 La. 83, 35 South. 390, the court said the right of passage is a discontinuous servitude. Whether apparent or nonapparent, it can be established only by title of some kind. Even “immemorial possession,” is the expression of the court, is not sufficient. Civil Code, art. 766.
There are a number of decisions referred to upon the subject in the case above cited.
Now as to the French authorities upon the subject, to which some reference has been made by plaintiff’s counsel, we will begin by stating that the laws regarding servitude in France are in some respects considerably different from those in this country, as, for instance, streets and routes in France are the property of the state, and abandoned routes are the property of the state. 6 Laurent, § 28.
In this state abandoned routes return to the owner. Hatch v. Arnault, 3 La. Ann. 487; Civil Code, art. 658.
The right of servitude is in the public, but the dormant ownership is in the owner of the adjacent land.
Baudry-Lacantinerie, another French writer, refers to a title of some kind as giving the right. It is expressly stated as relates to servitude that articles 689 and 691 of the French Code have application. Our article upon the subject (article 72S of our Civil Code) is a reproduction of the French Code.
There are no decisions in France holding that a prescriptive title can be acquired without deed or some form of title. No particular form is required. There must be a departure or some kind of title for the prescription to run.
As relates to the lot, defendant’s author measured all of the land to the extreme northwestern line, and left nothing for' a right of way. He sold the land to that line. Witnesses have not shown that the street wherever it runs has been in use of the public thirty years. It follows that the city of Shreveport never was in legal possession.
It is therefore ordered, adjudged, and decreed that our judgment heretofore handed down in this case be recalled, avoided, annulled, and reversed. It is further ordered, adjudged and decreed that the judgment of the district court appealed from is reinstated and made the judgment of this court, and affirmed as its judgment. The costs of appeal to be paid by the city of Shreveport. ■
PROVOSTY, J., concurs in the decree.
LAND, J., dissents.