The plaintiff, Mrs. May Ellen Berryhill Harding, brought this suit against the defendants, Mrs. A. Monjure and Philip R. Burns, Constable of the First City Court of New Orleans, claiming damages in the sum of $2,000 as a result of certain alleged unlawful acts committed by the defendants in the execution of a writ of ejectment which had been issued by the First City Court of New Orleans on a rule instituted by the defendant, Mrs. Monjure, for possession of the premises No. 1608 South Franklin Street.
Plaintiff's claim is based upon the following allegations: That on March 21, 1933, *Page 117 
she leased from the defendant, Mrs. Monjure, the premises No. 1608 South Franklin Street in the City of New Orleans in consideration of a monthly rental of $18.50; that she paid the rent to Mrs. Monjure, who agreed to accept it in small weekly instalments; that on August 9, 1933, Mrs. Monjure gave her a five-day notice to vacate the premises; that, at the time the notice was given, she was not in arrears in the payment of her rent and that it had been paid up to the day the notice was issued. She further alleges that on August 16, 1933, a rule for possession of the premises was filed by Mrs. Monjure in the First City Court; that she was served in person with a copy of the rule; that Mrs. Monjure claimed as a basis for the issuance of the rule that she, plaintiff, was delinquent in the payment of rent for a period of two months and that on August 22, 1933, a judgment was rendered ordering her (plaintiff) to deliver the premises to the defendant as shown by reference to the proceeding entitled "Mrs. A. Monjure v. Ella Harding", No. 216,705 of the docket of the First City Court of New Orleans.
Plaintiff further alleges that on August 23, 1933, the defendant, Philip R. Burns, who was then Constable of the First City Court of New Orleans, illegally and unlawfully ejected her from the premises under a writ of ejectment issued by the First City Court and placed all of her furniture and clothing on the sidewalk; that it was raining and that she was ill in the Charity Hospital on the day she was ejected; that her personal property valued at $1,040 was damaged and that, in view of the unlawful action by said Burns and Mrs. Monjure, she is entitled to recover from them the sum of $2,000 in damages. She further avers that she was ejected from the property as a result of the negligence and carelessness of Mrs. Monjure in filing and prosecuting the ejectment proceeding against her and by the negligence and carelessness of Burns, the Constable, in taking her personal property out of the premises on August 23, 1933.
To this petition, the defendants, Mrs. Monjure and Burns, filed exceptions of no right or cause of action. The exception of Mrs. Monjure was sustained by the District Judge and plaintiff's suit was dismissed as to her. Plaintiff has taken this appeal from the adverse decision. The exception of the Constable Burns has not been tried and that matter is now pending in the District Court.
The allegations of plaintiff's petition plainly disclose that her suit against Mrs. Monjure is groundless and the District Judge was correct in dismissing it on the exception of no cause of action. It appears from the proceedings in the First City Court that Mrs. Monjure, the lessor of the property, filed a rule for possession against the plaintiff, her tenant, on August 16, 1933, alleging that plaintiff was two months in arrears in her payment of rent. On this showing, the Judge issued an order requiring the plaintiff to show cause on August 22nd why possession of the premises should not be delivered. A copy of the rule and order was served on the plaintiff in person on the same day of its issuance. On the day fixed for the hearing, the plaintiff failed to appear and the rule was accordingly made absolute. Plaintiff was personally served on the same day with a copy of the judgment of possession. Two days later on August 24th, a writ of ejectment was issued by the court and on August 30th this writ was executed by the Constable.
Plaintiff does not base her cause of action on the illegality of the proceedings in the First City Court, but she maintains in her petition that the judgment should not have been rendered because she was not, in truth and in fact, delinquent in her payment of rent. This was a matter of defense to the rule for possession, and plaintiff cannot be heard to contend in this proceeding that the evidence upon which the judgment of possession is based is either insufficient or false.
Counsel for plaintiff, however, argue that there should be a remedy afforded in a case of this kind and that our Supreme Court has recognized that an action lies against a landlord who maliciously and without lawful cause institutes summary proceedings against his tenant and by those means succeeds in ejecting him from the property. The case referred to is that of Block v. Bonnet, 28 La.Ann. 540.
We have investigated the facts of the cited case and find that they bear no resemblance whatever to the situation presented here. There, the tenant not only resisted the rule for possession in the Justice of the Peace Court but he prosecuted a suspensive appeal from the judgment condemning him to deliver the property to his landlord. While this appeal was pending, the landlord illegally applied to the Justice of the Peace to have the appeal *Page 118 
dismissed and the Justice, acting without warrant in law, granted the landlord's request. Within an hour or two after the appeal was dismissed, the landlord maliciously caused the tenant to be ejected without giving the latter an opportunity to apply to the proper court for remedial writs. The Supreme Court held that the tenant had never been lawfully dispossessed of the property; that the writ of ejectment had issued illegally and that, therefore, the landlord was responsible for the damage sustained by the tenant as a result of the wrongful act.
The petition before us contains no averment of fact showing that Mrs. Monjure acted maliciously or that she committed any unlawful act. On the contrary, plaintiff's allegations clearly exhibit that she was dispossessed of the premises in the manner pointed out by law and she therefore has no cause for complaint.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.